UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| HARVEY LEE PRESTON<br><br>    Plaintiff,<br><br>v.<br><br>KENDRAH BRIANNA ROBINSON, et al.,<br><br>    Defendants. | Case No.  2:25-cv-12242<br><br>Honorable Denise Page Hood |

**OPINION AND ORDER (1) DENYING APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES AND COSTS AND (2) DISMISSING THE COMPLAINT**

This matter is before the Court on Plaintiff Harvey Lee Preston's pro se civil rights complaint filed pursuant to 42 U.S.C. § 1983. (ECF No. 1). Plaintiff is an inmate confined at the Ionia Maximum Correctional Facility in Ionia, Michigan. Upon review of the case and Plaintiff's litigation history in the federal courts, this Court concludes that his case must be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

Title 28 U.S.C. § 1914(a) provides that "[t]he clerk of each district court shall require the parties instituting any civil action, suit or proceeding in such court, whether by original process, removal or otherwise, to pay a filing fee

of $350 . . . ." *See also Owens v. Keeling*, 461 F.3d 763, 773 (6th Cir. 2006). Plaintiff failed to provide the $350.00 filing fee, plus a $55.00 administrative fee, when he filed his complaint. Rather, Plaintiff filed an application to proceed without prepayment of the filing fee. (ECF No. 2.)

The Prisoner Litigation Reform Act of 1995 (PLRA) states that "if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1) (as amended); *see also In Re Prison Litigation Reform Act*, 105 F.3d 1131, 1138 (6th Cir. 1997). The in forma pauperis statute, 28 U.S.C. § 1915(a), allows prisoners the opportunity to make a "downpayment" of a partial filing fee and then pay the remaining fee in installments. *See Boussum v. Washington*, 649 F. Supp. 3d 525, 529 (E.D. Mich. 2023); reconsideration denied, 655 F. Supp. 3d 636 (E.D. Mich. 2023).

Here, a review of federal court records indicates that Plaintiff has had at least four prior civil rights complaints dismissed by federal courts for being frivolous, malicious, or for failing to state a claim upon which relief could be granted. *See Preston v. White*, No. 03-249, 2004 U.S. Dist. LEXIS 32915 (W.D. Mich. Jan. 7, 2004); *Preston v. Duney*, No. 03-253, 2003 U.S. Dist. LEXIS 29408 (W.D. Mich. Jan. 6, 2004); *Preston v. Burch*, No. 03-581, 2003 U.S. Dist. LEXIS 23032 (W.D. Mich. Dec. 5, 2003); *Preston v. MDOC*, No.

03-812, 2003 U.S. Dist. LEXIS 29409 (W.D. Mich. Dec. 2, 2003). And courts have subsequently denied Plaintiff leave to proceed in forma pauperis under the three-strikes rule at least eight times because of these frivolity dismissals. *See Preston v. Bonn*, No. 25-29, 2025 WL 731973 (W.D. Mich. Mar. 7, 2025) (collecting cases).

Under the PLRA, a federal court may dismiss a case if, on three or more previous occasions, a federal court dismissed the incarcerated plaintiff's action because it was frivolous or malicious or failed to state a claim for which relief may be granted. *See* 28 U.S.C. § 1915(g); *Thaddeus-X v. Blatter*, 175 F.3d 378, 400 (6th Cir. 1999); *Witzke v. Hiller*, 966 F. Supp. 538, 540 (E.D. Mich. 1997). The three strikes provision of the PLRA prohibits a prisoner, who has had three prior suits dismissed for being frivolous, from proceeding in forma pauperis in a civil rights suit absent an allegation that the prisoner is in imminent danger of serious physical injury. *See Clemons v. Young*, 240 F. Supp. 2d 639, 641 (E.D. Mich. 2003). A federal district court may sua sponte raise the three strikes provision of the PLRA on its own initiative. *Witzke*, 966 F. Supp. at 539. A federal court is permitted to take judicial notice of a plaintiff's prior dismissals for purposes of § 1915(g). *See Taylor v. United States*, 161 F. App'x. 483, 485-86 (6th Cir. 2005).

Plaintiff has had at least four prior civil rights complaints which were dismissed for being frivolous, malicious, or failing to state a claim upon which relief could be granted. And Plaintiff has subsequently been informed at least eight times that he was precluded from proceeding in forma pauperis in other civil rights actions because of these prior dismissals under § 1915(g).

Plaintiff has not alleged any facts which would establish that he is in imminent danger of serious physical injury, and he therefore does not come within the exception to § 1915(g) and may not proceed in forma pauperis here. *Mulazim v. Michigan Dept. of Corrections*, 28 F. App'x 470, 472 (6th Cir. 2002). Plaintiff's Complaint appears to concern the Attorney Grievance Commissions' investigation of his ineffective assistance of counsel claims regarding his former defense counsel. (ECF No. 1, PageID.7.)  He further claims he was denied his right to appeal because of counsel's actions.

Plaintiff's claim concerning the resolution of his grievance filed with the Attorney Grievance Commission does not satisfy the imminent danger exception of the three-strikes rule. And to the extent Plaintiff challenges the basis of his criminal convictions, such claims also do not satisfy the imminent danger exception. *See Staffney v. Cole*, No. 22-12820, 2023 WL 113037, at *2 (E.D. Mich. Jan. 5, 2023), appeal dismissed sub nom*. Staffney v. Cohle*, No. 23-1149, 2023 WL 9785710 (6th Cir. Sept. 27, 2023); *see also LeBlanc*

*v. Kalamazoo Police Dep't*, No. 17-999, 2017 WL 6379659, at *2 (W.D. Mich. Dec. 14, 2017). The imminent danger exception to the "three strikes" provision of § 1915(g) requires that the imminent danger be contemporaneous with the complaint's filing. *See Vandiver v. Vasbinder*, 416 F. App'x 560, 562 (6th Cir. 2011). In sum, Plaintiff's allegations fail to show that there is any imminent danger of death or serious physical injury that is contemporaneous with the filing of this complaint.

Plaintiff civil rights complaint is therefore subject to dismissal pursuant to § 1915(g). Plaintiff may, however, resume any of the claims dismissed under § 1915(g) if he decides to pay the filing fee under the fee provisions of 28 U.S.C. § 1914. *Witzke*, 966 F. Supp. at 540.

Since Plaintiff has had four prior cases dismissed against him for being frivolous, malicious, or failing to state a claim, § 1915(g) bars him from appealing in forma pauperis. *See Drummer v. Luttrell*, 75 F. Supp. 2d 796, 805-06 (W.D. Tenn. 1999). The Court therefore refuses to certify that any appeal from this dismissal would be in good faith.

For the reasons given, the Court **ORDERS** that Plaintiff's in forma pauperis status is **DENIED** and the complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that any appeal taken by Plaintiff would not be done in good faith.

**IT IS SO ORDERED.**

                                                           s/Denise Page Hood  
                                                         DENISE PAGE HOOD  
                                                         United States District Judge

Dated: January 22, 2026